THE STATE OF OHIO, APPELLEE, v. ELKINS, APPELLANT.█

[Cite as State v. Elkins (1976), 47 Ohio App. 2d 307.]

(No. 75AP-511—Decided February 12, 1976.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Campbell, Schwarzwalder & Sanford,* for appellant.

McCORMAC, J. Defendant has timely appealed his conviction of possession for sale of marijuana and keeping a house for the illegal keeping or dispensing of marijuana. Both parties concede that the sole issue is whether marijuana discovered by the use of a trained dog was illegally obtained.

The facts pertaining to this issue are that a federal agent received an anonymous phone call stating that a parcel had been mailed from San Diego, California, to Cleveland, Ohio, via American Airlines parcel delivery. The package was precisely described, even to the shipping bill number. Upon the plane's arrival in Cleveland, a federal agent verified the fact that the package was aboard the plane and summoned a dog handler to bring his trained dog, used on various occasions to seek out marijuana, to

sniff the parcel. Using his trained and superior olfactory powers, the trained dog indicated that marijuana was in the parcel. The federal authorities then obtained a search warrant and discovered twenty-one kilos of marijuana in the box.

Subsequent search warrants, not in issue herein, which were the by-product of the original search, showed defendant to be guilty of the offenses for which he was convicted in relation to the marijuana found by the dog in the parcel. The prosecution concedes that the validity of their entire case rests upon whether the use of the police dog was permissible.

Defendant filed a timely motion to suppress this evidence and such was overruled by the trial court. Defendant's assignment of error is as follows:

"Where police officers, acting solely on a tip from an informant of unproven reliability, use a dog to sniff the exterior of a sealed box which is in transit on a common carrier, such use of a dog constitutes a search within the meaning of the Fourth Amendment without probable cause and any search warrants obtained based upon evidence discovered as a result of such search are tainted and any evidence obtained must be suppressed."

The Fourth Amendment to the United States Constitution provides, as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The prosecutor concedes that a warrant to search the package at Hopkins Airport in Cleveland could not have been obtained without the verification that it contained marijuana, received as a result of the dog sniffing the parcel, as otherwise it would have been necessary to rely solely upon the credibility of the informant. Since the informant was anonymous, his reliability could not be verified, as required by *Aguilar* v. *Texas* (1964), 378 U. S. 108.

The issues are whether the smelling by the dog constituted a search since there was no physical intrusion of the wrapped package and, if so, whether the search was unreasonable under these facts. Prior to 1967, the United States Supreme Court had taken the position that a physical intrusion of an enclosure must occur before there can be an illegal search. However, that theory was repudiated by the decision of *Katz* v. *United States* (1967), 389 U. S. 347. *Katz* involved the use of an electronic listening device attached to the outside of a telephone booth through which federal agents recorded the defendant's telephone conversation. The recording and the fruits therefrom were found to be inadmissible in violation of the Fourth Amendment on the basis that Katz expected his conversation to be private and that the listening device was an unreasonable search in violation of his privacy. Defendant seeks to extend that doctrine to this case, contending that the specially trained dog, with its keen olfactory powers, discovering marijuana in the enclosed box, was equivalent to using electronic monitoring equipment to hear sound from the telephone booth.

Two cases involving this very issue have been decided by federal courts, with inconsistent results. The first case is that of *United States* v. *Fulero* (D. C. Cir. 1974), 498 F. 2d 748. The facts in that case were that an employee at the Greyhound Bus Depot in Yuma, Arizona, called the police and told them that three hippies had brought in two footlockers that were being sent to Washington, D. C., and that the situation appeared suspicious. Shipping marijuana through Greyhound was a normal practice in Yuma and, on many prior occasions, agents of the depot had spotted packages containing marijuana. A police officer went to the depot and looked at the footlockers. A man known to the police as probably involved in the narcotics traffic was on one of the lockers. In addition, the police noticed that the footlockers smelled of mothballs, which was significant because mothballs are frequently used in an attempt to conceal the odor of marijuana. At that point, the police obtained the services of a marijuana sniffing dog and the dog indicated

that the footlockers contained marijuana. When a search warrant was obtained, based on this information, the trunks were found to contain approximately eighty-eight pounds of marijuana. The United States Court of Appeals for the District of Columbia rejected the argument that the dog's sniffing around the footlockers was an unconstitutional invasion into the lockers, calling it frivolous and praising the conduct of the police as a model of intelligent and responsible procedure.

The second case involving this issue is that of *United States* v. *Solis* (C. D. Cal. 1975), 393 F. Supp. 325. In that case, an informant of unproven reliability had notified the police that a fully enclosed semitrailer, parked at the rear of a service station, contained large amounts of marijuana. The police used two trained dogs to sniff the air around the trailer. The dogs positively reacted to the presence of marijuana, after which a search warrant was obtained. The dog handlers testified that their trained dogs, whose sense of smell is eight times more powerful than that of man, are one hundred per cent reliable in detecting kinds of narcotics, including marijuana. The search warrant obtained based on this evidence produced two thousand pounds of marijuana, which had been secreted under the floorboards of the trailer.

The United States District Court held that the use of the dogs constituted an unreasonable search and seizure, prohibited by the Fourth Amendment to the United States Constitution. The court, in so deciding, concluded that this case was analogous to *Katz* as, in each instance, the government's activities violated the privacy which the defendant justifiably and reasonably expected.

Neither of the aforesaid cases are binding upon this court and our case is apparently one of first impression in Ohio. This court must determine, based on applicable decisions of the United States Supreme Court, whether the use of a marijuana sniffing dog under the facts herein constituted an unreasonable search and seizure prohibited by the Fourth Amendment to the United States Constitution.

As previously stated, the first issue is whether the sniffing of the air around the package by the dog constitut-

ed a search. That question must be answered in the affirmative. By the use of a sophisticated device, albeit flesh and blood, the user perceived something entirely hidden from human senses, enhanced or unenhanced. As conceded in the *Solis* case by the government, no real distinction can be drawn between the use of specially trained dogs with superior olfactory powers and the use of an electronic instrument which registers a smell which a human cannot perceive. In this respect, the case is comparable to that of *Katz* where the electronic device attached to the outside of the enclosed telephone booth constituted a search even though there was no physical intrusion into the enclosure.

Not all searches are prohibited by the Fourth Amendment, but only those which are unreasonable. The *Katz* case properly held that a person making a private call in an enclosed phone booth had a reasonable expectation, worthy of protection, that his conversation would not be overheard by the use of electronic sound enhancers. The question is whether the situation at hand constitutes a comparable situation so far as the unreasonableness of the intrusion is concerned. The *Solis* case did hold it to be comparable and the *Fulero* case, without discussion, simply rejected the claim as frivolous.

It is the firm view of this court that the use of the dog to indicate the presence of marijuana did not constitute an unreasonable search either in this case or in the *Solis* case which, in our view, was incorrectly decided. Here, as in the *Solis* case, we have an enclosed object, innocent on its face, located in a public place. In each instance there is reasonable suspicion of the presence of an illicit drug within the package, but not so verified as to be able to obtain a search warrant. Counsel for defendant concedes that any reasonable police agency would follow up the anonymous, although specific, tip to determine if in fact an illicit drug were contained therein. The dispute concerns the appropriate method of follow-up police work. Obviously, merely searching the package or breaking into the trailer is prohibited in either instance. Conceivably, had the trained police dog not been available, the police could have staked out the area, or fol-

lowed the package in transit, utilizing perhaps hundreds of hours of police work in an effort to obtain further evidence necessary to sustain the issuance of a search or arrest warrant. Instead, the police, who fortunately have also developed more sophisticated techniques to deal with criminals in response to a similar development on the part of criminals, utilized the trained police dog to obtain the further evidence necessary for procurement of a search warrant.

The court in the *Solis* case stated that the owner of the trailer had a reasonable expectation that no one would intrude into the privacy of his trailer, other than upon probable cause supported by a search warrant. Yet, what type of an intrusion did take place in both this case and the *Solis* case? The intrusion consisted of sniffing the air around the enclosed trailer or package. No further intrusion took place without the proper issuance of a search warrant. This case and the *Solis* case, although apparently at first blush analogous to the *Katz* situation, are actually a far cry therefrom. In the *Katz* case, a person's right of privacy is offended whether that person is innocent or engaged in conversation involving a criminal act. Persons do not want even innocent private conversations monitored without probable cause. Innocent persons are offended by that intrusion and, hence, the search is unreasonable. In this instance, it is hard to imagine that an innocent person could have any objection to his package, placed in transit on a common carrier, being sniffed by a trained dog. The court, in the *Solis* case was correct in saying that "whether a governmental intrusion into a private area constitutes a reasonable search under the Fourth Amendment depends on the kind and degree of intrusion which a free society is willing to tolerate." However, the court was incorrect in its application of that test to the facts in hand. In so holding, the court made an all too common mistake of using logic without common sense. Moreover, the court appeared to be affected by the skillful use of hypothetical horror stories often used to influence a court's holding. These horror stories rarely, if ever, even closly resemble the facts of the case. They include allegations that a holding such as we have

made in this case would permit the police to roam the streets at will with trained dogs or sensor instruments, detecting the odor of marijuana and arresting persons at will as a result. No such conduct was involved in this case or in the *Solis* case, nor is such conduct, theoretical as it may be, to be condoned. We are fully confident that this court and other courts are able to deal with the constitutional rights involved if such a situation is ever presented to us. In this case as in others, courts must resist the tendency to decide the case before them based on what might happen.

Under the facts of this case, the use of the dog trained to detect marijuana was reasonable and not violative of the Fourth Amendment. Furthermore, it represented police work which should be commended rather than condemned.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.