THE STATE OF OHIO, APPELLANT, *v.* KLEMM ET AL., APPELLEES.

(Nos. C-870067, C-870068 and C-870069—Decided September 30, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *David Stevenson,* for appellant.

*Merlyn D. Shiverdecker,* for appellees.

*Per Curiam.* These consolidated causes came on to be heard upon the appeals from the Hamilton County Municipal Court.

On October 26, 1986, Cincinnati Police Officer Donald Ruberg ("Ruberg") submitted an affidavit for a search warrant to a judge of the Hamilton County Municipal Court. The judge found that the affidavit demonstrated probable cause for a search and issued a warrant to the Sheriff of Hamilton County. Ruberg was not named to conduct the search, ostensibly because the described premises were in the village of Mariemont, in Hamilton County, but outside the city of Cincinnati.

The address named in the warrant was subsequently searched, and a quantity of gambling paraphernalia was seized pursuant to the warrant. The three defendants were charged with first degree misdemeanors for violations of various Ohio statutes prohibiting gambling. No member of the county sheriff's department took any part in the search. The search was instead conducted by Ruberg and other Cincinnati police officers with the assistance of three Mariemont officers.

The defendants moved to suppress the evidence, and the trial court granted their motion after an eviden-

tiary hearing. The state of Ohio has filed these timely appeals from the trial court's decision pursuant to Crim. R. 12(J). In a single assignment of error the state contends the trial court erred in suppressing the evidence.

At the outset the state argues that the search warrant was properly executed because the Mariemont officers "accompanied" the Cincinnati officers in searching the residence. The trial court, however, properly found that the warrant was executed by Ruberg. One Mariemont officer was called by the state at the suppression hearing; he testified that he did not participate in preparing the warrant and did not see it until after he was at the residence, and that all the evidence seized was turned over to the Cincinnati officers. Finally, the Mariemont officer stated that in his opinion he was "assisting" the Cincinnati police in executing the warrant. Thus, this is not a case where a warrant was issued to one law enforcement officer and executed by another where both had jurisdiction at the location of the search. Here, a warrant issued to a county sheriff was executed by a city policeman outside the jurisdictional limits of the city and outside the policeman's jurisdiction.

In order for a violation of law to require the suppression of improperly seized evidence under the exclusionary rule of *Mapp* v. *Ohio* (1961), 367 U.S. 643, 86 Ohio Law Abs. 513, 16 O.O. 2d 384, and its progeny, the violation must also involve the deprivation of a constitutional right. *State* v. *Wilmoth* (1986), 22 Ohio St. 3d 251, 22 OBR 427, 490 N.E. 2d 1236; *Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232, 18 O.O. 3d 435, 416 N.E. 2d 598.

Generally, a police officer does not have the statutory authority to arrest someone outside his jurisdiction, *Cincinnati* v. *Alexander* (1978), 54 Ohio St. 2d 248, 8 O.O. 3d 224, 375 N.E. 2d 1241, and in our judgment, the same jurisdictional limitation applies to the execution of search warrants. As the Supreme Court would not imply a statewide arrest power in *Cincinnati* v. *Alexander, supra,* we will not imply a statewide power to execute validly issued search warrants. We cannot conclude that such power exists, absent an explicit grant by the legislature.

This does not, however, end our inquiry. Whether a particular search is unconstitutional depends upon the facts and circumstances of the particular case. *State* v. *Robinson* (1979), 58 Ohio St. 2d 478, 12 O.O. 3d 394, 391 N.E. 2d 317. Only searches that are unreasonable in a constitutional sense mandate the suppression of evidence. *State* v. *Elkins* (1976), 47 Ohio App. 2d 307, 1 O.O. 3d 380, 354 N.E. 2d 716.

In an analogous case, the Ohio Supreme Court has held that the exclusionary rule cannot be applied to the testimony of an arresting officer about the actions of a defendant, where the arrest, although occurring outside the officer's jurisdiction, is supported by probable cause. *Kettering* v. *Hollen, supra.* The statutory violation in *Hollen* was held not to be a constitutional violation because the officer had probable cause to arrest. Here, the defendants raised no question regarding the probable-cause determination of the municipal court judge. A search warrant, supported by probable cause, was issued; consequently, it passes constitutional muster. The violation of law in executing the valid warrant to search the premises did not require the evidence to be suppressed.

The judgments are reversed and the causes are remanded.

*Judgments reversed*
*and causes remanded.*

KLUSMEIER, P.J., and SHANNON, J., concur.

384

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, J., concurring. I agree with the majority's observation that any decision to extend to police officers statewide authority to execute search warrants regardless of their bailiwicks is solely a matter for the legislature. While I disagree with its holding, I further acknowledge that *Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232, 18 O.O. 3d 435, 416 N.E. 2d 598, is controlling to the case *sub judice.* But for the holding in *Kettering* v. *Hollen, supra,* I would vote to affirm the trial court's suppression of the evidence in the instant cause.

The well-settled purpose of the exclusionary rule is to instill in police officers a greater degree of care toward the rights of the accused by refusing to admit evidence obtained as a result of inappropriate conduct. *State* v. *Wilmoth* (1986), 22 Ohio St. 3d 251, 22 OBR 427, 490 N.E. 2d 1236, citing *Stone* v. *Powell* (1976), 428 U.S. 465. Thus, the exclusionary rule is a judicially created remedy designed to deter inappropriate police conduct. *United States* v. *Calandra* (1974), 414 U.S. 338. To be sure, that conduct must be inappropriate in a constitutional sense.

The Ohio Supreme Court in *Kettering* v. *Hollen, supra,* was compelled by the record before it to assume the accused was apprehended completely outside the arresting officer's jurisdiction. *Id.* at 233-234, 18 O.O. 3d at 436-437, 416 N.E. 2d at 599-600. I would hold that an arrest made by a police officer outside his jurisdiction as well as a search conducted by a police officer outside his jurisdiction are both constitutional violations and violations of state law. Only by excluding the evidence obtained by such inappropriate and unlawful conduct will the police be deterred from committing the same unlawful and unconstitutional acts in the future.

The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right of the people to be free from unreasonable searches and seizures. In my opinion, a police officer who knowingly acts without color of law by making an arrest or executing a search warrant outside his jurisdiction has committed an act which results in a degree of unreasonableness that violates both constitutional provisions. The fact that probable cause existed for the search warrant to *issue* does not cure constitutional defects in the *execution* of that warrant.

Regardless of the foregoing opinion, I recognize that it is incumbent upon this state's inferior courts to follow the precedent of the Ohio Supreme Court. As I can find no principled means of distinguishing *Kettering* v. *Hollen, supra,* from the case *sub judice,* I concur in the majority's decision to reverse the court below.