City of Kettering, Appellant, v. Hollen, Appellee.

(No. 80-60—Decided December 23, 1980.)

*Mr. F. J. Newberry,* prosecuting attorney, for appellant.
*Mr. Charles F. Buck* and *Mr. John B. Wyatt, III,* for appellee.

DOWD, J.   As a general proposition, an extraterritorial arrest by a municipal police officer for an alleged misdemeanor is not authorized under existing Ohio law.[1] In this case, the ap-

---

[1] See *Cincinnati* v. *Alexander* (1978), 54 Ohio St. 2d 248; *State* v. *Anderson* (1976), 46 Ohio St. 2d 219; *State* v. *Zdovc* (1958), 106 Ohio App. 481. See, generally, 5 American Jurisprudence 2d 742, Arrest, Sections 50-51. See, also, Note, 4 Ohio No. L. Rev. 470.

The General Assembly has just recently adopted Am. Sub. S. B. No. 355, amending R. C. 2935.03, effective January 9, 1981, to speak to this problem.

R. C. 2935.03(D) will read:

"If a sheriff, deputy sheriff, marshal, deputy marshal, police officer, constable, or state university law enforcement officer appointed under section 3345.04 of the Revised Code is authorized by division (A), (B), or (C) of this section to arrest and detain, within the limits of the political subdivision, college, or university in which he is appointed or elected, a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision, college, or university in which he is appointed

pellant contends that the arrest is authorized because the arresting process commenced while the defendant and the officer were still within the officer's municipality, *i.e.,* the city of Kettering. The appellant contends alternatively that, assuming, *arguendo,* the unlawfulness of the arrest, the sanction of exclusion does not apply with respect to the officer's testimony regarding the defendant's actions after the arrest was successfully completed.

As to the legal characterization of the arrest, we find the record to be insufficient as to the factual issue of whether the arresting process commenced while the arresting officer and the defendant were still in the city of Kettering. Therefore, we assume that the defendant's warrantless arrest in Dayton by Willcox for a misdemeanor was not authorized. We turn to a consideration of whether, under such circumstances, the exclusionary rule mandated upon this court in *Mapp* v. *Ohio* (1961), 367 U. S. 643, must be applied.[2]

The exclusionary rule has been applied by this court to violations of a constitutional nature only. In *State* v. *Myers* (1971), 26 Ohio St. 2d 190, 196, this court enunciated the policy that the exclusionary rule would not be applied to statutory violations falling short of constitutional violations, absent a legislative mandate requiring the application of the exclusionary rule. In *State* v. *Downs* (1977), 51 Ohio St. 2d 47, 63-64, the violation of Crim. R. 41 with respect to the return of a search warrant was described as non-constitutional in

or elected, pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:

"(1) The pursuit takes places without unreasonable delay after the offense is committed;

"(2) The pursuit is initiated within the limits of the political subdivision, college, or university in which the peace officer is appointed or elected;

"(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.40 of the Revised Code."

We observe in passing that both of these violations appear to be offenses "for which points are chargeable pursuant to division (G) of section 4507.40 of the Revised Code." See R. C. 4507.40(G)(4) and (12).

[2] See *Cincinnati* v. *Alexander, supra* (54 Ohio St. 2d 248, 255), where such an issue was noted but not considered, due to the limited nature of the state's appeal. See, also, *State* v. *Wallace* (1976), 50 Ohio App. 2d 78.

magnitude and the exclusionary rule was not applied. Also, in *State* v. *Davis* (1978), 56 Ohio St. 2d 51, it was held that fingerprint evidence obtained in violation of a statute does not have to be excluded.

It is clear from these cases that the exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights.

We turn now to examine the facts in this case to determine whether a constitutional violation occurred. We find none. At the outset, it is readily apparent that Willcox had probable cause to arrest the defendant after observing his erratic driving behavior. Accordingly, assuming the warrantless arrest of the defendant to be a seizure within the context of the Fourth Amendment prohibition against unlawful searches and seizures, we find no Fourth Amendment violation, given the probable cause to make the seizure.[3] Therefore, even assuming the arrest of the defendant was not authorized under existing Ohio law, it does not offend either the United States or Ohio Constitution. Under these circumstances, the "fruit of the poisonous tree" doctrine enunciated in *Wong Sun* v. *United States* (1963), 371 U. S. 471, 488, does not apply. In short, the fruits of the arrest of the defendant, based on probable cause but unauthorized under existing state law, are not suppressible solely because of the fact of the arrest in Dayton by a Kettering police officer.

---

[3] *People* v. *Burdo* (1974), 56 Mich. App. 48, 223 N.W. 2d 358; *State* v. *Eubanks* (1973), 283 N.C. 556, 196 S.E. 2d 706. Cf. *Michigan* v. *DeFillippo* (1979), 443 U. S. 31 (evidence seized during search incident to arrest made upon probable cause for violation of ordinance later held unconstitutional need not be suppressed). The exclusionary rule has generally been said to apply to the fruits of a search incident to an "illegal arrest." See, *e.g., United States* v. *Wynn* (C.A. 5, 1977), 544 F. 2d 786, 791. Although we have been unable to discover a case in the federal system which has explicitly held an illegal arrest to be equivalent to an arrest made without probable cause, we have been equally unsuccessful in locating a case where an arrest made with probable cause has been declared unauthorized and the exclusionary rule applied. Cf. *United States* v. *Fernandez-Guzman* (C.A. 7, 1978), 577 F. 2d 1093, certiorari denied, 439 U. S. 954 (warrantless arrest made upon probable cause not invalidated by subsequent filing of incomplete complaint at preliminary hearing), with *United States* v. *Connolly* (C. A. 7, 1973), 479 F. 2d 930, certiorari dismissed, 414 U. S. 897; and with *United States* v. *Marlin* (C.A. 7, 1972), 471 F. 2d 764 (arrests made without probable cause held unlawful and exclusionary rule applied).

After the arrest of the defendant was completed in the city of Dayton, he performed field sobriety tests at the officer's command. The officer's testimony concerning his observations of the defendant's conduct during the field sobriety tests constituted an essential part of the state's proof in support of the allegation that the defendant was driving under the influence of alcohol in Kettering. It is well settled that the commanded performance of such tests is not a testimonial utterance and thus does not offend the privilege against self-incrimination protected by the Fifth Amendment to the United States Constitution. *Piqua* v. *Hinger* (1968), 15 Ohio St. 2d 110, paragraph one of the syllabus.

Moreover, an arrested person is not immune from prosecution merely because of the fact that his arrest was "unlawful" or "unauthorized." *State* v. *Holbert* (1974), 38 Ohio St. 2d 113. Rather, the issue is whether any of the evidence used to convict a defendant subjected to an unlawful or unauthorized arrest was inadmissible. Here, after careful analysis, we declare the testimony of Willcox with respect to the conduct of the defendant to be admissible, even assuming the unauthorized arrest.

Therefore, the judgment entered by the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.