The STATE of Ohio

v.

BROWN.█

Montgomery County Court of Ohio,
Area One.

No. 93 TRC 3390AB.

Decided Aug. 10, 1993.

*Gregory Spears,* Assistant Prosecuting Attorney, for plaintiff.

*William Jared Monroe,* for defendant Clifford A. Brown.

JEFFREY E. FROELICH, Judge.

The defendant has filed a motion to suppress based on the following stipulated facts. The intersection of Diamond Mill Road and Route 35 (West Third Street) is the confluence of the boundaries of four separate townships. The northeast quadrant is Madison Township, the southeast is Jefferson Township, the southwest is Jackson Township, and the northwest is Perry Township. On April 30, 1993, a Perry Township police officer was proceeding in a marked cruiser and in

uniform south on Diamond Mill Road, north of Route 35, thereby placing himself within Perry Township.

At that time and place, the officer witnessed the defendant eastbound on Route 35 run the red light at the intersection of Diamond Mill Road and Route 35; since the defendant was eastbound, he was on the south side of the centerline, therefore within Jackson Township at the time he violated R.C. 4511.12 by running the red light.

The defendant proceeded through the intersection, thereby placing himself within Jefferson Township. The officer turned left (or east) onto Route 35, therefore placing him also within Jefferson Township. The defendant then turned into his home driveway, located on Route 35 in Jefferson Township, and the officer pulled in behind him. The officer then proceeded to interview the defendant, noticed an odor of alcohol and another indicia of driving under the influence, and performed certain field sobriety tests. The defendant then was transported to the Perry Township Police Department, where he gave a urine sample.

The defendant has moved to suppress anything which the officer observed, including coordination tests, statements, results of the alcohol test, etc. The defendant argues (and it is stipulated and the court so finds) that he was never in Perry Township and therefore violated no laws within Perry Township. The defendant argues therefore that the officer was without authority to stop him and that therefore any fruits of this stop cannot be admitted against him. The prosecution argues that the officer did have statutory authority to stop the defendant and, further, even if he did not, suppression is not the remedy permitted by law.

The prosecution cites R.C. 2935.03(E)(2), which states as follows:

"A member of the police force of a township police district * * * may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section [which includes all violations of R.C. Chapter 4511] * * * on the portion of any street or highway that is located immediately adjacent to the boundaries of the township police district or joint township police district, in the case of a member of a township police district or joint township police district police force * * *."

The prosecutor therefore argues that since, at the time the defendant failed to stop while entering the intersection, he was in Jackson Township and, further, since Jackson Township is immediately adjacent to Perry Township, that he had authority to stop and detain the defendant pursuant to R.C. 2935.03.

As a fallback, the prosecutor cites *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 18 O.O.3d 435, 416 N.E.2d 598, for the principle that in Ohio the exclusionary rule

has been applied only to violations of a constitutional nature. The precise syllabus of the oft-cited *Hollen* case does not support the prosecutor's position. In *Hollen*, the offense occurred within the officer's jurisdiction and the officer was in hot pursuit at the time when the stop and arrest occurred outside the officer's jurisdiction. In the case now before this court, the offense as well as the stop occurred outside the officer's jurisdiction. The prosecutor's argument, if taken to its logical extension, would give police officers statewide jurisdiction, since there would apparently be absolutely no remedy for the violation by a police officer of his jurisdictional authority.

However, the court need not reach this issue, since the legislature has specifically given authority to a police officer in the facts now before this court. In conclusion, the court finds, pursuant to R.C. 2935.03, that the officer arrested and detained the defendant on a portion of the street located immediately adjacent to the boundaries of the township police district of the arresting officer.

Therefore, the motion of the defendant is denied and a status conference is hereby set for the 23rd day of August, 1993 at 5:30 p.m.

*So ordered.*