**The STATE of Ohio**

v.

**GARTIN.** ▮

Court of Common Pleas of Ohio,
Medina County.

No. 96 CR 0359.

Decided June 6, 1997.

*David Sheldon,* Medina County Assistant Prosecuting Attorney, for plaintiff.
*David Hare,* for defendant.

JAMES L. KIMBLER, Judge.

This case is before the court on defendant Jeremy G. Gartin's motion to suppress. He is seeking suppression of the results of a blood test given to him pursuant to R.C. 4511.191. He is charged with aggravated vehicular assault, in

violation of R.C. 2903.08. It is his contention that the state failed to draw the blood within two hours of his operation of his vehicle and failed to comply with certain requirements of the Ohio Administrative Code. For reasons set forth below, the court finds that a pretrial motion to suppress is not the proper way to challenge the admissibility of a bodily substance test when the defendant is charged with violating R.C. 2903.08.

In *State v. Myers* (1971), 26 Ohio St.2d 190, 55 O.O.2d 447, 271 N.E.2d 245, and in *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 18 O.O.3d 435, 416 N.E.2d 598, the Ohio Supreme Court held that absent a constitutional violation, a violation of a statutorily prescribed procedure would not lead to suppression of evidence at trial, unless there was a statutorily prescribed remedy.

Although this doctrine has been modified in cases involving violations of R.C. 4511.19, *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, the Ohio Supreme Court recently wrote in *Hilliard v. Elfrink* (1996), 77 Ohio St.3d 155, 158, 672 N.E.2d 166, 168–169, that the principle that suppression of evidence is a remedy for alleged violations of constitutional rights is "well established."

This court believes, and holds, that a motion to suppress is not the proper vehicle for challenging the results of a test to measure the concentration of alcohol in a bodily substance when the state seeks to introduce evidence of the test at trial for an alleged violation of R.C. 2903.08. *French*, by its syllabus, is limited to cases involving prosecutions of R.C. 4511.19. This court believes that the great number of OMVI cases has led to the fashioning of a suppression remedy for statutory or administrative rule violations in such cases. The same policy considerations do not apply in cases of aggravated vehicular assault.

At trial, the state will have to lay a foundation for the introduction of the test results. If it does not, the defendant will have opportunity to object, and this court will not allow the evidence to be introduced. But that is a trial issue, not a pretrial issue. Therefore the motion is overruled as being premature.

So ordered.

*Motion denied.*