OPINION
In a prosecution for driving under the influence of alcohol, appellant, the state of Ohio, appeals the decision of the Clinton County Municipal Court to grant a motion to suppress in favor of defendant-appellee, John F. Tissandier. The trial court found the traffic stop of appellee was outside the jurisdiction of the police officer who detained appellee and, therefore, violated the Fourth and Fourteenth Amendment to the United States Constitution. Accordingly, all evidence gathered as a result of the traffic stop was suppressed by the trial court. We reverse and remand.
All the relevant facts are stipulated and/or undisputed. On March 18, 1998, Corporal Flynn of the New Vienna Police Department received an anonymous tip that a "possibly intoxicated person" was "engaging in disruptive behavior at the Shell station in New Vienna." The tip also described the vehicle being driven by appellee. Flynn proceeded toward the Shell station and was stopped at a traffic light "outside the Shell station." Flynn observed the vehicle described in the tip drive away from "the [Shell] lot in what appeared to be a high rate of speed."
Flynn followed appellee westbound on State Route 28 and noticed appellee drive left of center on "several occasions." These observations occurred outside the limits of the village of New Vienna. Flynn radioed Sergeant Van Winkle of the Clinton County Sheriff's Department who "advised [Flynn] to stop the vehicle for safety reasons."
Flynn stopped appellee and detained him. Appellee was arrested by a Deputy Wood of the Clinton County Sheriff's Department and charged with driving under the influence of alcohol.[1]
On April 27, 1998, appellee moved to suppress all evidence gathered against him because Flynn stopped him outside the limits of the village of New Vienna. After a hearing and written argument, the trial court granted the motion to suppress on May 30, 1998. From this ruling, the state of Ohio filed a timely notice of appeal pursuant to Crim.R. 12(J) and presents one assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS.
R.C. 2935.03(D) provides that:
 If a sheriff, deputy sheriff, marshall, deputy marshall, municipal police officer, member of a police force employed by a metropolitan housing authority * * *, member of a police force employed by a regional transit authority * * *, constable, police officer of a township or joint township police district, or state university law enforcement officer * * * is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision * * *, a person until a warrant can be obtained, the police officer may, outside the limits of that territory, pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 (1) The pursuit takes place without unreasonable delay after the offense is committed.
 (2) The pursuit is initiated within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected.
 (3) The offense involved is a felony, a misdemeanor of the first degree * * *, a misdemeanor of the second degree * * *, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 [4507.02.1] of the Revised Code.
In City of Cleveland Heights v. Richardson (May 7, 1981), Cuyahoga App. No. 42856, unreported, the Eighth Appellate District interpreted R.C. 2935.03(D). In Richardson, a South Euclid police officer received an anonymous tip about an erratic driver. The officer spotted the vehicle traveling outside of South Euclid, in the jurisdiction of Cleveland Heights. The officer pursued the vehicle, observed erratic driving and concluded a danger to public safety existed. At that point, the officer stopped the vehicle and radioed the Cleveland Heights police department for assistance. A Cleveland Heights police officer arrived at the scene, had the driver perform sobriety tests, arrested the driver and gave him a breathalyzer test. Richardson at 4.
The court noted that under R.C. 2935.03(A), an officer generally cannot arrest someone for a misdemeanor committed outside the officer's jurisdiction. See Cincinnati v. Alexander (1978),54 Ohio St.2d 248. However, the court found that the South Euclid officer did not intend to arrest the driver, but only to detain the driver until a Cleveland Heights officer arrived at the scene.
The court found that the pursuit of the driver was initiated within South Euclid when the officer received the anonymous tip and the pursuit began without delay. R.C. 2935.03(D)(1) (2). Finally, driving under the influence is an offense for which points are chargeable under R.C. 4507.40(G). R.C. 2935.03(D)(3). Therefore, the South Euclid police officer who detained appellee complied with R.C. 2935.03(D).
We agree with the reasoning of Richardson and believe it applies to the case sub judice. After the anonymous tip, Flynn began his pursuit in New Vienna without delay. Flynn did not intend to arrest appellee and called for the Clinton County Sheriff Department to investigate and, if necessary, arrest appellee. Cf. Richardson at 4. Finally, appellee was detained for suspicion of driving under the influence, a misdemeanor of the first degree. R.C. 2935.03(D)(3). Accordingly, appellee was validly detained pursuant to R.C. 2935.03(D) and the single assignment of error is well-taken.
Finally, we note that even if the investigatory stop had violated R.C. 2935.03(D), "absent a violation of a constitutional right, the violation of a statute does not invoke the exclusionary rule." State v. Droste (1998), 83 Ohio St.3d 36,40. See, also, Kettering v. Hollen (1980), 64 Ohio St.2d 232,235. A violation of R.C. 2935.03(D), by itself, does not implicate constitutional rights. State v. Curry (Sept. 5, 1989), Butler App. No. CA89-02-032, unreported, at 6. Therefore, the trial court erred by suppressing evidence gathered after appellee was stopped by Flynn.
Judgment reversed and remanded to the trial court for further proceedings according to law.
KOEHLER and POWELL, JJ., concur.
[1] Appellant was charged with violating R.C. 4511.19(A)(1) (3).