OPINION
Appellant James Orlando Freeman appeals a judgment of the Stark County Common Pleas Court convicting him of possession of cocaine (no-contest plea) and failure to comply with an order of a police officer (guilty plea):
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BASED UPON THE FACT THAT THE VIOLATIONS OF THE STATUTE GOVERNING STRIP SEARCHES WERE TECHNICAL IN NATURE.
 II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL COUNSEL FAILED TO SUBPOENA THE OTHER OFFICERS PRESENT AT THE STRIP SEARCH AS WELL AS THE VIDEOTAPE OF THE SEARCH.
Shortly after midnight on February 16, 1999, appellant was brought to the Stark County Jail by Canton Police officers following an arrest on misdemeanor traffic offenses. As part of the booking process, he was taken to the receiving area of the jail, where he was to be searched as part of the booking process. To initiate appellant's booking procedure, Sergeant Gary Kerr of the Stark County Sheriff's Department approached appellant to perform a pat-down search. Appellant was extremely nervous and sweating profusely prior to the search. Appellant was wearing jeans, a shirt, and shoes. Sergeant Kerr patted down the outside of appellant's clothing, and felt a bulge in appellant's crotch area that was not part of his anatomy. The object felt hard and somewhat flat to Sergeant Kerr. Believing the object may be a weapon or contraband, Sergeant Kerr told other officers to grab appellant's arms in order to perform a strip-search. Corrections Officer Emery of the Stark County Sheriff's Department was thereafter verbally ordered by Sergeant Kerr to remove appellant's pants. Emery unsuccessfully attempted to retrieve the item from appellant's underwear, necessitating the removal of appellant's underwear in order to search more fully. After removing appellant's underwear, Emery recovered a plastic baggy containing between 75 and 150 rocks of crack-cocaine. After the crack-cocaine was seized, appellant was also arrested on a felony charge of possession. The booking procedure continued, and Sergeant Kerr then filled out the authorization to strip-search jail form. A jail incident report was also completed, including information about the strip-search. Appellant was not given a copy of either form. Appellant was later indicted by the Stark County Grand Jury on one count of possession (R.C. 2925.11) and one count of failure to comply with the order or signal of a police officer (R.C. 2921.331). Appellant filed a motion to suppress, seeking to exclude the cocaine from being admitted at trial. Appellant argued that he had been subjected to an illegal strip-search in violation of R.C. 2933.32. Following an evidentiary hearing, the court overruled appellant's motion to suppress. The court found that the strip-search violated two provisions of R.C. 2933.32, as authorization was not given in writing until after the search was conducted, and a copy of the report was not given to appellant. However, the court concluded that these violations were technical in nature, and did not rise to the level of an unconstitutional search, requiring suppression of the cocaine. Appellant thereafter pleaded no contest to the charge of cocaine possession, and guilty to the charge of failure to comply, pursuant to a negotiated plea agreement. Appellant was convicted of both charges. He was sentenced to a determinate term of incarceration of four years on the possession charge, and a concurrent determinate term of incarceration of twelve months on the failure to comply charge.
 I
Appellant argues that the court erred in overruling his motion to suppress, as the search of appellant at the jail violated the statutory and constitutional protections against improper strip-searches. The trial court found that law enforcement officers did not follow procedures requiring that written authorization for a strip-search be obtained prior to the search (R.C.2933.32(B)(5)), and that a copy of the written report required for a strip-search be given to the person searched (R.C.2933.32(C)(2)). Appellant does not allege the officer violated any other required procedures set forth in R.C. 2933.32. Appellant argues that these statutory violations warrant suppression. However, the trial court correctly held that these violations were technical statutory violations, not rising to a level of a constitutional violation, requiring suppression of the evidence. In State v. Rucker (March 20, 1995), Stark App. No. 1994CA00224, unreported, this court found that although R.C.2933.32 was violated in a cavity search, suppression of evidence is not among the remedies provided in the statute. The exclusionary rule is invoked only for violations of a constitutional nature, and is not applied to statutory violations falling short of constitutional violations, absent a legislative mandate requiring application of the exclusionary rule. Id., citing City of Kettering v. Hollen (1980), 64 Ohio St.2d 232,234-235. We also noted in Rucker that the statutory violations did not weaken or minimize the existence of probable cause to believe that the defendant had contraband hidden in her vagina. Id. In the instant case, the evidence presented at the suppression hearing clearly reflected that the officers had probable cause to conduct the search. During the routine pat-down search as part of the booking procedure, the officer felt a hard, flat object, which was not part of appellant's anatomy. After an unsuccessful attempt to retrieve the item without removal of appellant's underwear, the only alternative was to have appellant remove his underwear so the object could be retrieved. Having found probable cause to search, the court did not err in finding the violations of the statute to be technical in nature, not rising to the level of a constitutional violation. The first assignment of error is overruled.
 II
Appellant argues that counsel was ineffective for failing to subpoena other police officers who were present during the search of appellant, and for failing to subpoena the video tape of the search. To sustain a claim of ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced as a result of this performance. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two and three of the syllabus, cert. denied (1990), 497 U.S. 1011. To demonstrate prejudice, the defendant must show that but for counsel's performance, the result of the proceeding would have been different. Id. In his brief, appellant generally alleges that the tape and testimony of these officers would have revealed that Sergeant Kerr lacked probable cause to search him, and this information would have bolstered his position that there was non-compliance with the strip-search statute. Appellant's belief is based on speculation, and is not sufficient to establish prejudice under the Strickland standard. Appellant has not demonstrated what this evidence would have revealed, and how it would have changed the result of the suppression hearing. The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, P.J., FARMER, J., and WISE, J., concur.