OPINION
{¶ 1} Michael Rindler is appealing the judgment of the Montgomery County Common Pleas Court, which convicted him of driving under the influence of alcohol or drugs.
 {¶ 2} On February 6, 2001, Five Rivers Metropark Officer John Rieder observed Mr. Rindler's vehicle backing up into the woods on Veterans Parkway. The officer then followed Mr. Rindler as he pulled his vehicle out onto Veterans parkway towards Patterson Road. Mr. Rindler turned right without using his turn signal, and then, "suddenly swerved across three lanes into the far left lane, without giving any indication of [his] intentions to change lanes," and then stopped at the red light. The officer then effectuated a traffic stop.
 {¶ 3} Due to a strong odor of alcohol on Mr. Rindler's person, his slurred speech, his glassy, bloodshot eyes, and the fact that he appeared to have urinated on himself, the officer administered the horizontal gaze nystagmus test and found that Mr. Rindler had "extreme nystagmus." Mr. Rindler was subsequently arrested for driving while under the influence.
 {¶ 4} Mr. Rindler was indicted on May 15, 2002 and charged with one count of driving while under the influence of alcohol or drugs with the specification that he had had three prior convictions for driving under the influence. On May 30, 2003, Mr. Rindler filed a motion to suppress all evidence obtained through his arrest. A hearing was held on the motion and at the conclusion of the hearing the motion was overruled. On July 19, 2003, Mr. Rindler entered a plea of no contest to the charge. Mr. Rindler was then sentenced to sixty days in jail, five years of community control, and the suspension of his license for three years. Mr. Rindler has filed this appeal.
 {¶ 5} Mr. Rindler raises the following assignment of error:
 {¶ 6} "The trial court erred in permitting the warrantless detention and arrest of appellant for a traffic violation by a park ranger where the record did not establish that any offense was committed within the ranger's jurisdiction."
 {¶ 7} Mr. Rindler argues that his conviction for driving while under the influence should be reversed because the officer who arrested him was no longer in his jurisdiction at the time Mr. Rindler committed the misdemeanor justifying the traffic stop. We disagree.
 {¶ 8} The Ohio Supreme Court has held the following:
 {¶ 9} "To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." Xenia v. Wallace (1988),37 Ohio St.3d 216, syllabus paragraph 1.
 {¶ 10} This Court has held that a defendant's failure to raise the issue of the jurisdiction of the officer making the traffic stop before the evidentiary hearing on a motion to suppress waives the issue for appeal. State v. Kelley (April 13, 1994), Greene App. No. 93 CA 57. InKelley, a defendant filed a motion to suppress but did not raise as a basis for suppression the fact that an officer for the City of Beavercreek arrested the defendant for an offense committed in the City of Xenia. Id. Despite having pretrial disclosure that revealed that the arresting officer was from Beavercreek, the Kelley defendant first raised the jurisdictional issue in argument following the evidentiary hearing. Id. This Court held that, because the State had not been put on notice that the officer's jurisdictional authority was an issue, the State could not address the issue; therefore, the defendant was deemed to have waived the right to claim as error on appeal that he was arrested by an officer outside of his jurisdiction. Id.
 {¶ 11} In the instant case, Mr. Rindler filed a motion to suppress before the trial court. However, the motion dealt solely with the issues of whether the officer had reasonable articulable suspicion to justify the stop and whether the officer should have read Mr. Rindler hisMiranda rights. Additionally, at the hearing on the motion, Mr. Rindler never challenged the authority of Metropark Officer Rieder to arrest him. Mr. Rindler failed to ever raise the issue until the filing of his appellate brief with this court. As in Kelley, Mr. Rindler never put the State on notice that the officer's authority to arrest Mr. Rindler was at issue and thus never gave the State an opportunity to present evidence establishing the officer's authority to make the arrest.
 {¶ 12} Mr. Rindler attempts to distinguish Kelley by stating that here, unlike in Kelley, the State had the appropriate witness at the suppression hearing and no evidence existed that defendant knew that the officer who had arrested him was a Metropark officer or that the traffic stop had occurred outside of Metropark jurisdiction. We do not agree. Although the State had the Metropark officer present at the hearing, the State had no reason to elicit appropriate testimony on this issue as the State was not on notice at the suppression hearing. This does not distinguish this case from Kelley. Also, Mr. Rindler points to the fact that, in Kelley, evidence in the record demonstrated that the defendant had been aware that the arresting officer was from a different jurisdiction than the one in which he was arrested, which Mr. Rindler argues was not true in this case. Although we cannot determine from the record what information was given to Mr. Rindler in the discovery packet from the State, we know what evidence was presented at the suppression hearing. At the hearing, Officer Rieder testified regarding his status as a Metropark officer at the time of the incident and the location of the misdemeanor that had warranted the traffic stop. (Hearing 7/1/2002 p. 2, 5-6). Therefore, at this point, Mr. Rindler was aware of the facts surrounding this issue. Yet, Mr. Rindler never raised the issue during the remainder of the suppression hearing, nor at any point before the trial court. Therefore, Mr. Rindler had an opportunity to raise this issue before the trial court and failed to do so.
 {¶ 13} Even if the jurisdiction issue were properly before us, we would still overrule the assignment of error. The park ranger had first observed Mr. Rindler's suspicious erratic driving inside the Metropark and was in hot pursuit of him when he drove out of the park. Therefore, the exclusionary does not apply. Kettering v. Hollen (1980),64 Ohio St.2d 232, 18 O.O.3d 435.
 {¶ 14} On the basis of Kelley, we find that Mr. Rindler waived any challenge to the officer's authority to arrest him by failing to raise the issue before the trial court. Mr. Rindler's assignment of error is without merit and is overruled.
 {¶ 15} The judgment of the trial court is affirmed.
BROGAN, J. and WOLFF, J., concur.