OPINION
{¶ 1} Curtis S. Mason is appealing from his conviction by the trial court of the crime of burglary following his no contest plea.
 {¶ 2} On appeal, Mason, represented by counsel, submits as a sole assignment of error that the trial court committed error in overruling his motion to suppress all evidence, including stolen jewelry and his statement to officers following his arrest.
 {¶ 3} The facts and circumstances of the case as well as the rationale of the trial court's decision are succinctly set forth in its decision, as follows:
 {¶ 4} "INTRODUCTION
 {¶ 5} "This issue that must be decided is whether the exclusionary rule is triggered by a warrantless misdemeanor arrest which violated O.R.C. § 2935.03(A)(1). It is concluded that an arrest in violation of O.R.C. § 2935.03(A) does not invoke the exclusionary rule. This conclusion is reached because the exclusionary rule is only triggered by a constitutional violation of a defendant's rights.
 {¶ 6} "FACTS
 {¶ 7} "On May 23, 2003 Jodi Ely reported a burglary at her home, 209 Charles Place, Union, Ohio. Ms. Ely reported the theft of a diamond tennis bracelet and an engagement ring. Mr. Mason and Ms. Ely had been involved in a relationship, and the stolen jewelry were gifts from Mr. Mason to Ms. Ely.
 {¶ 8} "The next night, May 24, several of Ms. Ely's neighbors observed Mr. Mason at Ms. Ely's home. The neighbors confronted Mr. Mason, and he fled the area. The neighbors called the Union Police Department to report the incident.
 {¶ 9} "Previously, the Union Police Department served Mr. Mason a `Trespass Notice' concerning Ms. Ely's home (State's Exhibit 1 — Trespass Notice dated 11-03-02). On May 25, 2003, Union Officer Jeff Smith was aware of the November 3 Trespass Notice.
 {¶ 10} "Officer Smith, during the early morning hours of May 25, was surveiling Mr. Mason's home located at 118 Parksgrove Drive. Officer Smith observed Mr. Mason return home and he confronted Mr. Mason. Mr. Mason admitted that he had been at Ms. Ely's home a few hours earlier. Officer Smith, based upon his knowledge of the Trespass Notice, arrested Mr. Mason for the misdemeanor offense of trespass.
 {¶ 11} "Mr. Mason was transported to the Montgomery County Jail, and upon being searched, as part of the booking process, the diamond tennis bracelet and engagement ring were discovered upon Mr. Mason's person. Subsequently, Mr. Mason, after being provided his Miranda warnings, was questioned and he admitted to entering Ms. Ely's home and taking a lock box which contained the tennis bracelet and the engagement ring.
 {¶ 12} "DISCUSSION
 {¶ 13} "Mr. Mason asserts that the tennis bracelet, the engagement ring, and Mr. Mason's statement following his arrest should be suppressed because Mr. Mason's arrest for trespass violated O.R.C. § 2935.03(A)(1) which provides, except in circumstances not present in this case, that a warrantless misdemeanor arrest is prohibited unless the arresting officer has observed the criminal conduct. State v. Lewis (1893),50 Ohio St. 179, State v. Neal, 1982 Ohio App. LEXIS 15542 (Mont. Co.). Officer Smith did not observe Mr. Mason's trespass violation, and, as such, it must be concluded that Mr. Mason's arrest violated O.R.C. § 2935.03(A)(1). (Trial court footnote omitted).
 {¶ 14} "Mr. Mason argues that since the arrest violated O.R.C. § 2935.03(A)(1) the evidence obtained as a result of the arrest — the jewelry and Mr. Mason's statement must be suppressed. State v. Henderson (1990), 51 Ohio St.3d 54,554 N.E.2d 104; Wong Sun v. United States (1963), 371 U.S. 471.
 {¶ 15} "In State v. Henderson the Ohio Supreme Court ruled that an arresting officer may use `[I]nformation supplied by officers or agencies engaged in a common investigation . . . to establish probable cause for a warrantless arrest.' State v.Henderson at Syllabus. The Henderson Court, in dicta, stated, citing Wong Sun v. United States (1963), 371 U.S. 471,83 S.Ct. 407, that `evidence obtained as a result of an illegal arrest is inadmissible at trial.' Id. at 56. Wong Sun, of course, involved a constitutionally deficient arrest because the arrest was not based upon probable cause. It is, accordingly, concluded that the language in State v. Henderson referring to illegal arrests relates to constitutionally improper areas.
 {¶ 16} "Mr. Mason does not assert that his warrantless arrest was not based upon probable cause, and, if made, such an assertion would be without merit. Mr. Mason's arrest, therefore, does not raise any constitutional issue. The question that must be answered is whether a statutory violation triggers application of the exclusionary rule. The Ohio Supreme Court, in Ketteringv. Hollen (1980), 64 Ohio St.2d 232, 416 N.E.2d 598, noted that the exclusionary rule is not triggered by statutory violations `falling short of constitutional violations, absent a legislative mandate requiring the application of the exclusionary rule.'Kettering v. Hollen at 234. See also, State v. Kondas,
1998 Ohio App. LEXIS 6384 (Mont. Co.).
 {¶ 17} "The Second District, in State v. Neal,
1982 Ohio App. LEXIS 15542 (Mont. Co.), was confronted with a claim that a violation of O.R.C. § 2935.03(A) invoked the exclusionary rule. The Neal Court determined that Mr. Neal's warrantless misdemeanor arrest violated O.R.C. § 2935.03(A), but that the violation of O.R.C. 2935.03(A) did not have a constitutional dimension and there was no legislative requirement to invoke the exclusionary rule. The Neal Court, accordingly, ruled that the evidence obtained as a result of Mr. Neal's arrest was not suppressible. No distinction can be made between this case and the situation the Neal decision addressed.
 {¶ 18} "CONCLUSION
 {¶ 19} "The Court, for the stated reasons, overrules Defendant's Motion to Suppress." (Docket 13).
 {¶ 20} As this court has previously held: "At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of witnesses and the weight of the evidence." See State v. Fanning (1982), 1 Ohio St.3d 19, 20,437 N.E.2d 583, 584-585. In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines, `without deference to the trial court, whether the trial court has applied the appropriate standard.'" (Citations omitted). State v. Gipp (Dec. 31, 1998), Montgomery App. No. 17369.
 {¶ 21} We have independently and de novo reviewed the transcript of the suppression hearing in this case, and we find the trial court's decision is supported by competent, credible evidence, and we hereby approve it and adopt it as our own. The trial court was simply adhering to previous decisions of this court, following precedents established by the Ohio Supreme Court, that the exclusionary rule not be applied to statutory violations falling short of constitutional violations. State v.Neal (Jan. 28, 1982), Montgomery App. No. 7426. Since the arrest, even though warrantless and in violation of R.C.2935.03(A)(1), was based on probable cause, there was no constitutional violation.
 {¶ 22} The assignment of error is overruled, and the judgment will be affirmed.
Wolff, J. and Grady, J., concur.