FINAL ENTRY OPINION
{¶ 1} The Defendant Appellant, Sean Barton, appeals a judgment of the Montgomery County Common Pleas Court overruling his motion to suppress evidence. Barton asserts that the trial court erred in denying his motion to suppress, claiming that the search was incident to an unconstitutional stop and detention. Finding that Barton's stop was legal, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On July 6, 2005, Officers Poe and Riegel of the Dayton Police Department were patrolling in the area of Warren and Pulaski Streets in the City of Dayton. This was a known area of high drug traffic. Officer Riegel observed Sean Barton leave a house at 50 Pulaski Street, which was a known drug house. Riegel contacted Officer Poe by radio, informing him of Barton traveling in his direction. Both officers observed Barton walking down Warren Street. Officer Poe observed Barton jaywalking across Warren Street when he observed the police cruisers. Officer Poe turned his cruiser around and repositioned it behind Barton, with the intention of talking to Barton about the jaywalking offense. As Poe approached Barton from behind, Barton looked back at him and then threw a baggie over a wall near Miami Valley Hospital. Officer Poe observed what he believed to be crack cocaine in the baggie. Poe then radioed Riegel for assistance, exited his vehicle, and stopped Barton. After Barton could produce no identification, Officer Poe patted him down for weapons and placed Barton in his cruiser. Officer Riegel arrived at the scene at this time, and the baggie that Barton had thrown over the fence was recovered. The officers did a field test on the contents of the baggie, and it tested positive for cocaine. At that time, Officer Poe placed Barton under arrest for felony drug possession.
 {¶ 3} Barton was indicted for one count of possession of crack cocaine, a felony of the second degree. Barton filed a motion to suppress, which was overruled. Thereafter, Barton pled no contest to the charge, and he was sentenced to a two-year prison term. It is from the judgment overruling the motion to suppress that Barton has filed this timely appeal, setting forth a single assignment of error for our review:
The trial court erred in overruling the Motion to Suppress
 {¶ 4} The trial court, based upon the facts recited, found that the officers had sufficient *Page 3 
reasonable articulable suspicion that criminal activity was afoot, and that the stop of Barton was therefore objectively reasonable. It further found that once the baggie was retrieved and the contents were tested, there was sufficient probable cause to arrest Barton. The trial court further found that Barton was properly advised of his Miranda rights.
 {¶ 5} Barton argues that there were discrepancies in the testimony of the officers, sufficient enough for us to disregard the trial court's findings of fact, and that considering these discrepancies, the evidence failed to establish that the officers had a reasonable articulable suspicion of criminal activity, which would make Barton's stop illegal.
 {¶ 6} The standard of review regarding motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Vance (1994), 98 Ohio App.3d 56, 58-59,647 N.E.2d 851; State v. Ferguson, Defiance App. No. 4-01-34, 2002-Ohio-1763. When reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap,73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988. We must defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of witnesses[,]" and then independently review whether the trial court applied the correct legal standard. State v. Anderson (1995)100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 7} Furthermore, we note that Barton has filed a videotape of the suppression hearing herein, but he has not provided typed or printed portions of the transcripts, as required by App.R. 9(A). Therefore, the lack of a transcript precludes us from reviewing Barton's specific arguments concerning the sufficiency and weight of the evidence. Appellate Rule 9(A) provides that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of *Page 4 
such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." Absent such a transcript, we cannot determine whether the record supports findings the trial court made to support his factual determinations, and we must, therefore, accept these findings as an accurate representation of the testimony presented. Without a transcript, Barton's specific arguments necessarily fail.State v. Smith, Montgomery App. No. 20835, 2005-Ohio-5588, ¶ 9-10;State v. Morris, Montgomery App. No. 21125, 2006-Ohio-2129, ¶ 2.
 {¶ 8} Because pursuant to these restrictions, we must find the essential facts in this case to be the facts found by the trial court, we may only review the trial court's determination as a matter of law.
 {¶ 9} Under Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 and its progeny, a temporary investigative stop is proper if based on reasonable suspicion "that criminal activity may be afoot." Id. at 30. Reasonable suspicion must be based on specific and articulable facts, which when taken together with rational inferences from those facts, reasonably warrant the intrusion. State v. Taylor,159 Ohio App.3d 629, 2005-Ohio-804, 824 N.E.2d 1057. Additionally, the propriety of an investigative stop must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, 178,524 N.E.2d 489, certiorari denied, 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252.
 {¶ 10} In reviewing the trial court's findings of fact, we note that the only witnesses to testify as to the encounter were Officer Poe and Officer Riegel, the two officers involved in the stop. Their testimony was found to be consistent and uncontroverted as to the essential elements involved in this stop. *Page 5 
 {¶ 11} The facts pertinent to our decision, as found by the trial court are as follows: Officer Poe observed Barton jaywalk across Warren Street after having been alerted to the fact that he had just left a known drug house. Officer Poe believed that the jaywalking by Barton was done in order to avoid his police cruiser. At this point Officer Poe determined to stop Barton for the issuance of a citation for the jaywalking offense. Before Officer Poe could make contact with Barton, he observed Barton throw a baggie containing a white substance that Officer Poe believed to be crack cocaine, over the wall at Miami Valley Hospital. Upon the arrival of Officer Riegel, the baggie was recovered and the contents field tested positive for cocaine. Officer Poe advised Barton of his Miranda rights prior to obtaining any statement from him.
 {¶ 12} Considering these facts through the eyes of an experienced police officer, reacting to the facts as they unfold before him, we conclude that Officer Poe had both probable cause to detain Barton for the minor misdemeanor jaywalking offense, and he had a reasonable articulable suspicion to detain him for the investigation of the crime of drug possession. Furthermore, he had sufficient probable cause to affect an arrest of Barton after the test of the cocaine.
 {¶ 13} The exclusionary rule will not be applied to evidence unless the evidence was obtained through a violation of constitutional rights.Kettering v. Hollen (1980), 64 Ohio St.2d 232, 416 N.E.2d 598. The purpose of the exclusionary rule is to deter unlawful police conduct by prohibiting the state from benefiting from conduct when it is in violation of the Fourth Amendment. When no evidence is obtained as a result of illegal conduct, application of the exclusionary rule satisfies no purpose. State v. Freeman, Montgomery App. No. 18798, 2002-Ohio-918.
 {¶ 14} Because Officer Poe had sufficient grounds to temporarily detain Barton and because the evidence supporting the drug charge was legally obtained during this detention, the motion to *Page 6 
suppress was properly denied.
 {¶ 15} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
FAIN, J. and DONOVAN, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1