[Cite as *State v. Kellett*, 2022-Ohio-4340.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2022 CA 00015 |
| RONALD A. KELLETT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of Common Pleas, Case No. 21 CR 00429

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 2, 2022

APPEARANCES:

For Plaintiff-Appellee

JENNY WELLS
Licking County Prosecutor

ROBERT N. ABDALLA
Assistant Prosecuting Attorney
20 S. Second Street
Newark, Ohio 43055

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place South – Suite #100
Dublin, Ohio 43017

*Hoffman, J.*

{¶1} Defendant-appellant Ronald Kellett appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of no contest to illegal use of a minor or impaired person in nudity-oriented material or performance (R.C. 2907.323(A)(1)) and two counts of voyeurism (R.C. 2907.08(B),(C)), and sentencing him to an aggregate term of incarceration of three years.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In 2019, Appellant pled guilty in the Licking County Municipal Court to public indecency, aggravated trespass, criminal trespass, and menacing.   He was convicted and placed on probation for three years.  Appellant initialed the conditions of his probation and signed the probation notice.  The terms of his probation included the following:

> 6.    During your period of probation, probation officers who are engaged within the scope of their supervisory duties may search with or without a warrant…another item of tangible or intangible personal property... in which you have a right, title, or interest.
>
> 14.   During your period of probation, you will not…possess…or search for any legal or illegal pornography. […] To ensure your compliancy [sic] Probation Officers may search devices owned or used by you. Searchable devices would include…cell phones.

{¶3} On June 19, 2021, Appellant's probation officer, Brent Richter, received a police report which indicated Appellant was arrested at the Hartford Fair. Appellant was found near the women's restroom naked from the waist down, and appeared to be

intoxicated.  Richter also received witness statements indicating Appellant was possibly taking pictures with a cell phone.  Sgt. Brown of the Licking County Sheriff's Department called Richter, and told Richter deputies had received multiple complaints from victims Appellant was taking cell phone photos.

{¶4}    Richter went to Appellant's home on June 24, 2021.  He met with Appellant's wife, who retrieved Appellant's cell phone and gave Richter the passcode. Richter searched the phone and discovered multiple explicit videos and images of females in a bathroom in various stages of undress, and a video of Appellant setting up a camera in a bathroom.  In addition, Appellant's browser history included searches for "Watching My Neighbor Pee" and "Watching My Kid Pee."   Supp. Tr. 31.

{¶5}    Appellant was indicted by the Licking County Grand Jury for illegal use of a minor or impaired person in nudity-oriented material or performance and two counts of voyeurism.  Appellant filed a motion to suppress evidence retrieved from his cell phone, arguing his wife did not have authority to consent to the search of his phone, the police officer acted as a "stalking horse" for law enforcement in searching the phone, and the officer did not have reasonable cause to search the phone as required by R.C. 2951.02(A).  The trial court overruled the motion, finding Richter had reasonable grounds to believe Appellant was engaged in activity in violation of his probation while at the Hartford Fair, and to believe evidence of such activity was in Appellant's cell phone based on the police report, witness statements, and Richter's conversation with Sgt. Brown.

{¶6}    Appellant thereafter pled no contest to all charges.  The trial court merged one conviction of voyeurism with the conviction of illegal use of a minor or impaired person in nudity-oriented material or performance, with the State electing sentencing on illegal

use of a minor or impaired person in nudity-oriented material or performance.  The trial court sentenced Appellant to three years incarceration for illegal use of a minor or impaired person in nudity-oriented material or performance and ninety days in the Licking County Justice Center for the remaining voyeurism conviction, to be served concurrently for an aggregate term of three years incarceration.  It is from the March 4, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT SHOULD HAVE SUPPRESSED THE EVIDENCE AGAINST KELLETT BECAUSE PROBATION OFFICER RICHTER DID NOT HAVE REASONABLE GROUNDS UNDER R.C. 2951.02 TO SEARCH KELLETT'S CELL PHONE.

{¶7}    Appellant does not challenge the trial court's findings of fact.  Rather, Appellant argues the statements of witnesses Appellant was "possibly" using his cell phone to take photographs at the fair provided Richter with nothing more than a hunch material in violation of the law or the terms of Appellant's probation would be found on the phone.

{¶8}    R.C. 2951.02(A) provides in pertinent part:

During the period of a misdemeanor offender's community control sanction or during the period of a felony offender's nonresidential sanction, authorized probation officers who are engaged within the scope of their supervisory duties or responsibilities may search, with or without a warrant, the person of the offender, the place of residence of

the offender, and a motor vehicle, another item of tangible or intangible personal property, or other real property in which the offender has a right, title, or interest or for which the offender has the express or implied permission of a person with a right, title, or interest to use, occupy, or possess if the probation officers have reasonable grounds to believe that the offender is not abiding by the law or otherwise is not complying with the conditions of the misdemeanor offender's community control sanction or the conditions of the felony offender's nonresidential sanction.

{¶9}    We find the trial court did not err in finding Richter had reasonable grounds to believe evidence of violation of the law or the terms of his probation would be found on Appellant's cell phone.  Appellant was found outside the women's restroom intoxicated, and naked from the waist down.  Multiple witness statements indicated he might have been taking pictures with his cell phone.  Despite the fact these statements used phrasing such as "possibly," we find the multiple witness statements indicating Appellant's use of the cell phone, coupled with the circumstances in which Appellant was found half-naked near the women's restroom, provided the officer with reasonable cause to believe evidence of violation of the law or Appellant's probation might be found on the cell phone.

{¶10} Further, we note Appellant relies on this Court's decision in *State v. Campbell*, 5th Dist. Fairfield No. 2019 CA 00055, 2020-Ohio-4119, 157 N.E.3d 373 for the proposition R.C. 2951.02 provides statutory protection against warrantless searches in addition to those guaranteed by the Fourth Amendment which implicate the

exclusionary rule. In *Campbell*, this Court concluded because the probation officer did not have reasonable cause to support a warrantless search of a probationer's home, the trial court erred in overruling Campbell's motion to suppress. However, the Ohio Supreme Court, while agreeing the search violated R.C. 2951.02, reversed this Court, concluding the exclusionary rule does not apply to a violation of R.C. 2951.02:

> Similarly, this court has long held that the exclusionary rule applies "to violations of a constitutional nature only." *Kettering v. Hollen*, 64 Ohio St.2d 232, 234, 416 N.E.2d 598 (1980). *Accord State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 32; *State v. Jones*, 121 Ohio St.3d 103, 2009-Ohio-316, 902 N.E.2d 464, ¶ 21; *State v. Myers*, 26 Ohio St.2d 190, 196-197, 271 N.E.2d 245 (1971). Thus, we will not apply the exclusionary rule "to statutory violations falling short of constitutional violations, absent a legislative mandate requiring the application of the exclusionary rule." *Kettering* at 234, 416 N.E.2d 598; *see also State v. French*, 72 Ohio St.3d 446, 449, 650 N.E.2d 887 (1995). A plain reading of R.C. 2951.02(A) reveals no such legislative mandate to impose an exclusionary remedy for a violation of the statute's reasonable-grounds requirement. *Compare* R.C. 2933.63(A) (authorizing, among other things, the suppression of evidence derived from an unlawful wiretap). Absent such a legislative mandate, this court is without authority to write an exclusionary remedy into the statute.

Because there is no basis in either the statute or the United States Constitution to apply the exclusionary rule to violations of R.C. 2951.02(A), the court of appeals erred by concluding that Campbell's motion to suppress should have been granted and reversing the contrary decision of the trial court. Our conclusion that the exclusionary rule does not apply makes it unnecessary to address whether the probation officer's search would have fallen under the good-faith exception to that rule.

{¶11} *State v. Campbell*, 2022-Ohio-3626, ¶¶22-23.

{¶12} Therefore, based on the Ohio Supreme Court's recent holding, even if we agreed with Appellant Richter lacked reasonable cause for the search of the cell phone, the exclusionary rule would not apply to the statutory violation, and suppression of the evidence taken from Appellant's cell phone would not be required.

{¶13} The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.
Gwin, P.J.  and
Wise, John, J. concur