[Cite as *State v. Ruff*, 2012-Ohio-1910.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110250 |
| | | TRIAL NO. B-1007073 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| LAMOUR RUFF, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 2, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Roger Kirk*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} The state of Ohio appeals from the order of the Hamilton County Court of Common Pleas that suppressed the pretrial identification of defendant-appellee Lamour Ruff by two eyewitnesses under R.C. 2933.83(C)(1) because the police had not complied with the requirements for photo lineups set forth in R.C. 2933.83(B). Whether R.C. 2933.83(C)(1) provides an independent ground for suppressing a pretrial identification is a matter of first impression in this state. We hold that it does not and, therefore reverse the judgment of the trial court.

{¶2} On October 26, 2010, the Hamilton County Grand Jury returned an indictment charging Ruff with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of robbery in violation of R.C. 2911.02(A)(2), one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), and having weapons while under disability in violation of R.C. 2923.13(A)(3). In the bill of particulars, the state alleged that on or about September 21, 2010, Ruff had approached Deboragh Evans and Robert Sanders in the parking lot of a hair salon, placed a firearm against Evans's head, and demanded their cash and cellular telephones before fleeing.

{¶3} Both Evans and Sanders identified Ruff as the perpetrator after being shown photo lineups. The trial court determined, however, that the detective who had administered the lineups had failed to comply with the requirements for photo lineups under R.C. 2933.83(B). The court specifically found that the detective had not recorded (1) all the confidence statements made by the witnesses, (2) the time of the lineups, and (3) the names of all the subjects who appeared in the lineups. *See* R.C. 2933.83(B)(4)(a), (c), and (e). The court further found that the detective had

instructed the eyewitnesses to initial—but not sign—their confidence statements. *See* R.C. 2933.83(B)(4)(a). The court held that "because the requirements of ORC 2933.83(B) were not complied with, the photo-identification in the above caption case must be suppressed."

{¶4} In its single assignment of error, the state essentially argues that R.C. 2933.83(C)(1) does not provide a ground for suppressing pretrial identifications independent of the traditional constitutional analysis concerned with unduly suggestive identification procedures and the reliability of identifications. *See Neil v. Biggers*, 409 U.S. 188, 196-197, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 N.E.2d 2243, 53 L.Ed.2d 140 (1976). We agree.

{¶5} Effective July 6, 2010, R.C. 2933.83(B) requires any law enforcement agency or criminal justice entity that conducts live lineups and photo lineups to adopt specific procedures for conducting the lineups.

> The procedures, at a minimum, shall impose the following requirements:
>
> (1) Unless impracticable, a blind or blinded administrator shall conduct the live lineup or photo lineup.
>
> (2) When it is impracticable for a blind administrator to conduct the live lineup or photo lineup, the administrator shall state in writing the reason for that impracticability.
>
> (3) When it is impracticable for either a blind or blinded administrator to conduct the live lineup or photo

lineup, the administrator shall state in writing the reason for that impracticability.

(4) The administrator conducting the lineup shall make a written record that includes all of the following information:

(a) All identification and nonidentification results obtained during the lineup, signed by the eyewitnesses, including the eyewitnesses' confidence statements made immediately at the time of the identification;

(b) The names of all persons present at the line up;

(c) The date and time of the lineup;

(d) Any eyewitness identification of one or more fillers in the lineup;

(e) The names of the lineup members and other relevant identifying information, and the sources of all photographs or persons used in the lineup.

(5) If the blind administrator is conducting the live lineup or the photo lineup, the administrator shall inform the eyewitness that the suspect may or may not be in the lineup and that the administrator does not know who the suspect is. *Id.*

{¶6} R.C. 2933.83(C)(1) provides that evidence of any failure to comply with this protocol "shall be considered by trial courts in adjudicating motions to suppress

4

eyewitness identification resulting from or related to the lineup." Ruff relied solely on this provision in moving to suppress the identification of him by Evans and Sanders.

{¶7}     In *Kettering v. Hollen*, 64 Ohio St.2d 232, 416 N.E.2d 598 (1980), the Ohio Supreme Court cautioned that the exclusionary rule shall not apply "to statutory violations falling short of constitutional violations, absent a legislative mandate requiring the application of the exclusionary rule." *Id.* at 235. We find no such mandate here. The language of R.C. 2933.83(C)(1)—particularly the phrase "in adjudicating"—implies that the actual basis for suppression is not rooted in the statute, but is instead extraneous to it. Accordingly, we hold that R.C. 2933.83(C)(1) does not provide an independent ground for suppression, and that the trial court erred in relying solely on the statute in suppressing the identifications.

{¶8}     We stress that today, we hold only that noncompliance with R.C. 2933.83(B) alone is insufficient to warrant suppression. Although discussed at oral argument before this court, Ruff expressly declined to argue before the trial court that the photo lineups in this case were, under the Fourteenth Amendment to the United States Constitution, "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Crutchfield*, 1st Dist. No. C-100694, 2011-Ohio-5383, ¶ 26, quoting *Biggers*, 409 U.S. at 197. *See also Brathwaite*, 432 U.S. at 114 (holding that "reliability is the linchpin in determining the admissibility of identification testimony."). Thus, we decline to address whether, under the separation-of-powers doctrine or any other constitutional theory, the legislature may *require* courts to consider noncompliance with R.C. 2933.83(B) in adjudicating a motion to suppress premised on an alleged constitutional violation. *See, e.g., State ex rel. DeBrosse v. Cool*, 87 Ohio St.3d 1, 7, 716 N.E.2d 1114 (1999) ("Courts decide constitutional issues only when absolutely necessary.").

**{¶9}** The assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry this date.