[Cite as *State v. Stevenson*, 2012-Ohio-3396.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                    :
                                 :    Appellate Case No. 24821
    Plaintiff-Appellee          :
                                 :    Trial Court No. 2010-CR-2864/1
v.                               :
                                 :
CORY STEVENSON                   :    (Criminal Appeal from
                                 :     Common Pleas Court)
    Defendant-Appellant         :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. #0012093, 4428 North Dixie Drive, Dayton, Ohio 45414
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Cory Stevenson appeals from his conviction and sentence following a no-contest plea to two counts of aggravated robbery.

{¶ 2} Stevenson advances two assignments of error on appeal. First, he contends the trial court erred in ruling that a witness's preliminary-hearing testimony could be used as evidence at trial. Stevenson argues that this ruling violated his Sixth Amendment confrontation right because defense counsel lacked a meaningful opportunity for cross examination at the preliminary hearing. Second, he claims the trial court erred in overruling the motion to suppress a photo identification by failing to consider the absence of a "blind administrator" to show the photo array to the victim.

{¶ 3} The record reflects that Stevenson was indicted on multiple charges for his alleged role in the armed robbery of two men, Doug Lane and Adam Shea, at the Northland Village apartment complex. On November 4, 2010, Stevenson moved to suppress photo-spread identifications of him as the perpetrator. (Doc. #13). That same day, he filed a motion for an order to obtain victim Doug Lane's emergency-room records. The motion stated, in part:

> Defendant is accused of the shooting of Mr. Lane and Mr. Lane is reported as having identified Defendant as the shooter while he was at the hospital on 8 September 2010 for treatment. Mr. Lane later testified at the preliminary hearing that he was intoxicated and under the influence of alcohol and sundry other psychomimetic drugs at the time of the shooting and, hence, also at the time of his identification. That evidence is necessary for Defendant in order to properly test the credibility of said identification at trial.

(*Id.*).

**{¶ 4}** Four days later, Stevenson moved to have the preliminary hearing transcribed and to be provided with a copy of the transcript. (Doc. #16). The trial court sustained this motion and ordered a transcript to "be prepared at State expense and delivered to Defendant." (*Id.*).

**{¶ 5}** The trial court held a January 12, 2011, hearing on Stevenson's November 4, 2010, suppression motion. The trial court denied the motion for reasons placed on the record during the hearing.[1] Thereafter, on February 18, 2011, the State moved to have Doug Lane declared unavailable for trial and to use a transcript of his preliminary-hearing testimony at trial. (Doc. #34). In support, the State noted that Lane had died on December 24, 2010. The State also argued that Stevenson's counsel had an adequate opportunity to cross examine Lane during the preliminary hearing. Stevenson did not respond to the motion, which the trial court sustained in a one-page ruling on March 4, 2011. (Doc. #36).

**{¶ 6}** On April 26, 2011, Stevenson filed a second motion to suppress or, in the alternative, a motion in limine. (Doc. #54). The motion sought to suppress a handgun, scales, ammunition, and marijuana found inside an apartment at 2035 Republic Drive. Stevenson's motion challenged the sufficiency of an affidavit used to obtain a warrant to search the apartment. Alternatively, he argued that the State should be precluded from using the evidence because it was unrelated to the charges against him.

**{¶ 7}** On May 16, 2011, Stevenson moved for a transcript of the January 12, 2011,

---

[1] Parenthetically, we note that no transcript of the January 12, 2011, hearing has been filed and made part of the record on appeal. The only transcript in the record is from a subsequent motion to suppress, plea, and sentencing.

suppression hearing mentioned above. (Doc. #57). The trial court sustained the motion and ordered a transcript to be prepared for him. (Doc. #58). Thereafter, on June 15, 2011, the trial court held an evidentiary hearing on Stevenson's April 16, 2011, suppression motion.[2] The trial court overruled the motion the following day. (Doc. #63). It deferred ruling on his motion in limine. (*Id.*).

{¶ 8} On July 26, 2011, Stevenson moved for reconsideration of the trial court's March 4, 2011, decision allowing the State to use Doug Lane's preliminary-hearing testimony at trial. (Doc. #73). Stevenson did not dispute the unavailability of Lane, who was deceased. He claimed instead that his attorney had lacked an opportunity for meaningful cross examination. In relevant part, the motion stated:

> On September 6, 2010, a preliminary hearing was held in this matter in Vandalia Municipal Court. At said time, Defendant was represented by a Public Defender who proceeded to cross-examine complainant, Douglas Lane. At this time, Defendant's counsel had not received any discovery. As is the custom of the Montgomery County Prosecutor's office, the police reports, witness' statements and other elements of discovery were not provided to defense counsel until after the hearing. Thus, defense counsel was wholly unprepared to confront Defendant's accusers and, in fact, did not inquire or raise salient points at said preliminary hearing, e.g., the facts

---

[2] We note that the record does contain a transcript of the June 15, 2011, hearing.

that Mr. Lane's blood test reflected that he was legally intoxicated or impaired at the time of the instant offense and identification process making his entire testimony suspect and very impeachable and the fact that he totally erroneously identified the co-Defendant, Robert Keffer. Not only are these factors which could have impeached Douglas Lane but they serve as stepping stones to further inquiry and further confrontation. * * *

(Doc. #73 at 1).

{¶ 9} On July 26, 2011, Stevenson also moved for reconsideration of the trial court's denial of his first suppression motion. (Doc. #74). As noted above, he had filed that suppression motion on November 4, 2010, seeking to suppress photo identification of him as the perpetrator. In support of reconsideration, Stevenson argued that the detective who had administered the photo lineup did not qualify as a "blind administrator," as required by R.C. 2933.83(B). Stevenson asserted that the trial court had failed to consider this fact when ruling on his suppression motion.

{¶ 10} Stevenson subsequently entered no-contest pleas to two counts of aggravated robbery as part of a negotiated plea agreement. (Doc. #84). After holding a sentencing hearing and reviewing a PSI report, the trial court imposed two concurrent seven-year prison terms. This appeal followed.

{¶ 11} In his first assignment of error, Stevenson challenges the trial court's decision authorizing the State to use Doug Lane's preliminary-hearing testimony as evidence at trial.

Stevenson contends the ruling deprived him of his Sixth Amendment confrontation right.

{¶ 12} The United States Supreme Court has held that testimonial, out-of-court statements are barred under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Here Stevenson does not dispute the unavailability of Lane. He argues, however, that defense counsel lacked a full opportunity to cross examine Lane during the preliminary hearing. Stevenson claims that, after the hearing, his attorney obtained medical evidence showing that Lane was intoxicated when he participated in the photo identification. Stevenson contends he could have impeached Lane's identification if his attorney had possessed this evidence prior to the preliminary hearing. He argues that "a totally blind and unprepared cross-examination" at the preliminary hearing did not satisfy the Sixth Amendment.

{¶ 13} Upon review, we reject Stevenson's argument about the use of Lane's prior testimony. The record contains neither a transcript of the preliminary hearing nor any evidence of Lane's intoxication. In the proceedings below, the trial court sustained Stevenson's motion for a transcript of the preliminary hearing and ordered the transcript to be delivered to him. (Doc. #16). Stevenson never filed the transcript below to make it part of the record. Furthermore, he has not supplemented the record with any evidentiary material to demonstrate that Lane was intoxicated when he viewed the photo-spread. Absent a transcript of the preliminary hearing and without evidence of intoxication, we cannot find that defense counsel lacked a sufficient opportunity for cross examination during the preliminary hearing.

{¶ 14} Curiously, Stevenson's motion for an order to obtain Lane's medical records,

filed November 4, 2010, states : "Mr. Lane later testified at the preliminary hearing that he was intoxicated and under the influence of alcohol and sundry other psychomimetic drugs at the time of the shooting and, hence, also at the time of his identification." Without a transcript, the record does not establish that Lane's lack of sobriety was brought out. But if the defendant's quoted assertion in his November 4, 2010 motion is accurate, then testimony of Lane's intoxication was readily available to the defendant at the preliminary hearing. Appellant's main argument, that use of the preliminary hearing testimony denied him the right to confront Lane about Lane's intoxication, therefore makes little sense. The first assignment of error is overruled.

{¶ 15} In his second assignment of error, Stevenson claims the trial court erred when ruling on his motion to suppress a photo identification by failing to consider the absence of a "blind administrator."

{¶ 16} This assignment of error implicates R.C. 2933.83(B), which took effect in July 2010. The statute "requires any law enforcement agency or criminal justice entity that conducts live lineups and photo lineups to adopt specific procedures for conducting the lineups." *State v. Ruff*, 1st Dist. Hamilton No. C-110250, 2012-Ohio-1910, ¶5. These procedures include, inter alia, using "a blind or blinded administrator" to conduct a photo lineup. R.C. 293383(B)(1). Under R.C. 2933.83(C)(1), evidence of a failure to comply with the required protocol "shall be considered by trial courts in adjudicating motions to suppress eyewitness identification resulting from or related to the lineup." The First District Court of Appeals has held, however, that "R.C. 2933.83(C)(1) does not provide an independent ground for suppression, and that [a] trial court [errs] in relying solely on the statute in suppressing" an

identification. *Ruff* at ¶7. We agree. Indeed, the "penalty" for failure to comply with R.C. 2933.83 is not suppression, but that "the jury shall be instructed that it may consider credible evidence of noncompliance in determining the reliability of any eyewitness identification." R.C. 2933.83(C)(3).

{¶ 17} Stevenson's assignment of error alleges that the trial court "failed to consider the State's failure to use a statutorily required 'blind administrator[.]'" In his appellate brief, however, he acknowledges that the trial court ruled orally at the conclusion of the January 12, 2011, suppression hearing, finding, based on the evidence presented, that the photo-spread "was appropriately prepared in accordance with the statute and * * * that it was shown appropriately by a blind administrator[.]" (Appellant's brief at 12).

{¶ 18} Stevenson's brief suggests his real argument is not that the trial court failed to "consider" the blind-administrator issue but, instead, that it erred in its resolution of the issue. In any event, resolution of the blind-administrator issue requires consideration of the evidence presented at the January 12, 2011, suppression hearing. As noted above, no transcript of that hearing was filed and made part of the appellate record. Without the ability to review the transcript, we cannot find a violation of R.C. 2933.83. Therefore, we cannot conclude that the trial court erred in failing to consider a violation of the statute when overruling Stevenson's suppression motion. The second assignment of error is overruled.

{¶ 19} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J., concurs.

GRADY, P.J., concurring:

**{¶ 20}** Defendant's argument in support of his first assignment of error is that, being then unaware of Lane's blood/alcohol test results, Defendant lacked the required prior opportunity to impeach Lane's preliminary hearing testimony with evidence of those test results. In consequence of that, the court's order granting the State's motion to introduce Lane's preliminary hearing testimony at Defendant's trial both deprived him of his Sixth Amendment right of confrontation and was an abuse of the discretion afforded the court by Evid.R. 804(B)(1).

**{¶ 21}** Defendant's argument assumes that he could only have impeached Lane's testimony through cross-examination of Lane. However, Evid.R. 616(B) authorizes impeachment through evidence of "[a] defect of capacity, ability, or opportunity to observe, remember, or relate . . . either by examination of the witness or by extrinsic evidence." Defendant could have introduced the test results at trial to impeach Lane's prior testimony, avoiding the confrontation problem as well as rendering moot any error in the court's application of Evid.R. 804(B)(1). Stated otherwise, Defendant did not lack a present opportunity to impeach Lane's testimony, had it been introduced at trial.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
J. Allen Wilmes
Hon. Gregory F. Singer