[Cite as *State v. Ruff*, 2013-Ohio-5892.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120844 |
| | | TRIAL NO. B-1007073 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| LAMOUR RUFF, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  December 24, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. Bicknell*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}   Lamour Ruff appeals his convictions for aggravated robbery with a specification, carrying concealed weapons, and having a weapon while under a disability.  He contends that the trial court should have suppressed a gun found on him during a search, that he was denied a fair trial due to prosecutorial misconduct, and that the trial court should have severed the robbery charges from the weapons charges.  We conclude that the trial court properly overruled his motion to suppress and that Mr. Ruff waived his objection to not severing the charges.  We also conclude that, while certain comments made by the assistant prosecutor were improper, Mr. Ruff was not denied a fair trial.  We therefore affirm the judgment of the trial court.

I.

{¶2}   Mr. Ruff was indicted for two separate incidents.  The state alleged that on September 21, 2011, Mr. Ruff robbed Deboragh Lynn Evans and Ronald Sanders at gunpoint.  It also alleged that on October 17, Mr. Ruff was found to be carrying a concealed weapon and that he was under a disability.

{¶3}   Prior to trial, Mr. Ruff moved to suppress testimony about identifications that Ms. Evans and Mr. Sanders made after they were shown a photograph array and also to suppress evidence found on Mr. Ruff following a police stop.  The trial court granted the motion with respect to the identification testimony but denied it with respect to the stop.   The state appealed the trial court's decision on the photo identification.  We reversed the court's judgment and remanded the case. *See State v. Ruff*, 1st Dist. Hamilton No. C-110250, 2012-Ohio-1910.

{¶4}   On remand, the following evidence was adduced at a jury trial.  On September 21, 2011, around 8:00 p.m., Ms. Evans and Mr. Sanders were walking from a

hair salon in downtown Cincinnati to a parking garage. A man on a bicycle rode past them. Later, while they were standing near Ms. Evans's car, the man on the bike approached, pointed a gun at them, and demanded their phones, money and jewelry. Both victims testified that they had gotten a good look at the man during the robbery.

{¶5}  A few weeks later, on October 17 around midnight, Officer Alicia Bruewer was patrolling the Over-the-Rhine area of Cincinnati. Officer Bruewer saw a man dressed in all black riding his bicycle with no lights on the sidewalk in violation of Cincinnati Municipal Code 506-5 and R.C. 4511.56. Officer Bruewer testified that based on her experience, she believed that the man, later identified as Mr. Ruff, might be dealing drugs. As the police officer watched, Mr. Ruff stopped and handed his bike off to another person. Because she was alone in her police cruiser, she asked for backup before stopping Mr. Ruff to cite him for the bicycle violation. When she heard that a two-man unit would be at the scene shortly, she stopped Mr. Ruff and asked him to sit on the step until her backup came. After the other officers arrived, Officer Bruewer asked Mr. Ruff for his identification, and he provided it. She ran Mr. Ruff's information through the computer in her cruiser and determined that he did not have any open warrants.

{¶6}  Because he was acting nervous, had "shifty eyes," and seemed to be sitting in a way as to conceal something, Officer Bruewer told Mr. Ruff that the police officers were going to pat him down before she issued the bicycle citation to him. Mr. Ruff threw his hands in the air, became agitated, and reached for his belt area, so Officer Branden Mentz handcuffed him. When Office Mentz patted him down, he found a gun in Mr. Ruff's back right pocket. Mr. Ruff was arrested and informed of his *Miranda* rights.

{¶7} Officer Craig Ball, who had been investigating the parking-garage robbery, saw the report of Mr. Ruff's arrest. After realizing that Mr. Ruff had been riding a bike and had approximately the same build as the suspect in the robbery, Officer Ball created a photograph array that contained Mr. Ruff's picture. The array was shown to Mr. Sanders and Ms. Evans on separate occasions, and both identified Mr. Ruff as the man who had robbed them. They identified him again at trial as the robber.

{¶8} The jury found Mr. Ruff guilty of two counts of aggravated robbery, two counts of robbery, one count of carrying a concealed weapon and one count of having a weapon under a disability. The trial court merged the robbery counts with the aggravated robbery counts and sentenced him accordingly.

## II.

{¶9} In his first assignment of error, Mr. Ruff asserts that the trial court erred when it refused to suppress the gun found on him during the search. He also argues that statements made by him following the discovery of the gun should have been suppressed as fruits of the poisonous tree.

{¶10} Mr. Ruff does not dispute that Officer Bruewer had probable cause to stop him for the bicycle violation. Rather, he contends that the stop was unreasonably prolonged.

{¶11} The trial court found Officer Bruewer's testimony to be credible. She testified that because of the neighborhood that she was in and her suspicion that Mr. Ruff was dealing drugs, she was concerned about her safety from the beginning of the encounter. Because of this concern, she called for backup before approaching Mr. Ruff. Mr. Ruff's behavior after she stopped him did not allay her safety concerns. Rather, he acted nervous and had "shifty eyes." He sat in a way that led Officer Bruewer to believe he was concealing something. The court found that based

4

upon the totality of the circumstances, the *Terry* pat down was proper. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Having reviewed the record, we conclude that the court's findings were supported by competent, credible evidence. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In light of the legitimate safety concerns, Officer Bruewer's decision to delay citing Mr. Ruff until her backup arrived was not unreasonable. The trial court properly denied the motion to suppress. The first assignment of error is overruled.

{¶12} Mr. Ruff's second assignment of error is that he was deprived of a fair trial due to prosecutorial misconduct. Two of the alleged incidents of misconduct were not objected to by Mr. Ruff. We thus review them for plain error. Crim.R. 52(B).

{¶13} In the first instance, the prosecuting attorney stated during his opening that the gun that had been taken from Mr. Ruff on October 17 was the same gun that had been pointed at Ms. Evans and Mr. Sanders. He repeated his assertion during his closing argument when he stated, "I know [the gun's] identical." The evidence presented in trial did not establish that the gun was the same one, but there was testimony that the gun recovered from Mr. Ruff did look like the one used in the robbery. Moreover, even if we assume the comments were improper, we are unable to conclude that the result of the trial would have been different had the comments not been made. *See State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Ms. Evans and Mr. Sanders consistently testified that Mr. Ruff had pointed a gun at them and threatened to shoot them if they did not comply with his demands. Likewise, Officer Mentz testified that he removed a gun that had been concealed from Mr. Ruff's person. Whether it was the same gun was inconsequential to the proof of the individual offenses.

{¶14} Mr. Ruff contends that the assistant prosecuting attorney also commented impermissibly on the credibility of the state's witnesses. During his opening statement, the assistant prosecuting attorney, referring to Mr. Sanders and Ms. Evans, improperly stated, "[T]hey're good witnesses; they're credible witnesses." Again, no objection was made by Mr. Ruff. We conclude that no plain error occurred. The jury had the opportunity to determine the credibility of the witnesses. The assistant prosecutor's comments were insignificant compared to the testimony of Mr. Sanders and Ms. Evans at trial.

{¶15} Most troubling is a comment made by the assistant prosecuting attorney to which Mr. Ruff did object. During closing argument, the assistant prosecutor stated, "This is the defense. There's been no other evidence that I am aware of. There have been no witnesses put on. There's no alibi witness." The trial court sustained Mr. Ruff's objection and immediately instructed the jury:

> [I] need to tell you something now. The defendant does not have to do anything. The defendant doesn't have to present a defense, doesn't have to put on any witnesses, doesn't have to have alibi witnesses, doesn't have to have exhibits. The defendant does not have to do anything. The burden of proof is upon the state. So please disregard the comments by the prosecutor.

During jury instructions, the court reiterated, "There is no necessity or requirement that the defendant present any evidence. The duty of proof rests entirely on the State of Ohio."

{¶16} "A jury is presumed to follow the instructions given to it by the trial judge." *State v. Loza*, 71 Ohio St.3d 61, 75, 641 N.E.2d 1082 (1994). We conclude that given the trial court's instruction to the jury not only at the time of the statement

but during jury instructions, Mr. Ruff's substantial rights were not prejudiced by the assistant prosecuting attorney's misconduct. *See State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 200. We further conclude that Mr. Ruff was not unfairly prejudiced by any cumulative effect of the prosecutor's improper statements. The second assignment of error is overruled.

{¶17} The final assignment of error is that the trial court erred when it failed to sever the robbery charges stemming from the September 21 incident from the weapons charges stemming from the October 17 stop. We are not persuaded.

{¶18} While the state's appeal of the trial court's decision on the motion to suppress was pending, the trial court asked Mr. Ruff if he wanted to move forward on the weapon charges, which were not impacted by the court's decision on the photograph array. Mr. Ruff's attorney stated that he would rather keep the charges together. In light of his request to try the offenses together, Mr. Ruff cannot now claim that the court abused its discretion by not severing the charges. The third assignment of error is overruled. We therefore affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.